UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF LEBEOUF BROS. TOWING, L.L.C., AS OWNER AND OPERATOR OF THE M/V CREOLE PASS PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY FOR THE INCIDENT OF JUNE 16,2004 | CIVIL ACTION<br><br>NO: 04-2560<br><br>SECTION: J(4) |

## ORDER AND REASONS

Before the Court is the **Motion in Limine to Strike Liability Experts (Rec. Doc. 31)** and the **Motion In Limine to Exclude Certain Alleged Statements (Rec. Doc. 32)**.  These motions were set for hearing on August 16, 2006, without oral argument, and are now before the Court on briefs.

## Background

Defendant and Plaintiff in cross-claim Kory Guidry, a captain on the M/V CREOLE PASS, allegedly received a report from a deckhand that there was an oil leak in the engine room.  Upon inspection of the area, Guidry determined that the leak had occurred because an oil filter gasket had failed on the port clutch.  The gasket failure necessitated the shutting down of the port engine and the binding of the port propeller shaft so that the port gear box would not be damaged and so that repairs could be made to the port propulsion system.  As Guidry was trying to bind the port propeller shaft with a 36" pipe wrench, the shaft moved and Guidry's left leg was crushed.

Less than three months after the accident, Guidry's

employer, LeBeouf Bros. Towing, L.L.C. ("LeBeouf") , filed this limitation proceeding seeking to either exonerate itself from liability or limit its liability to the value of the vessel and its pending freight.  The parties have now filed these two motions in limine.  LeBeouf argues that the Court should strike the liability experts, and Guidry argues that the Court should exclude certain alleged statements he allegedly uttered after the accident.

**LeBeouf's Motion in Limine to Strike Liability Experts**

Counsel for Guidry has informed the Court that pre-trial discussions have rendered moot the **Motion in Limine to Strike Liability Experts (Rec. Doc. 31).**  Thus, this Court hereby **DENIES** this motion as moot.  However, because this is a bench trial, the Court may limit expert testimony in accordance with rule 702 of the Federal Rules of Evidence if it finds such testimony will not assist the Court as trier of fact, or is not reliable.

**Guidry's Motion in Limine to Exclude Certain Alleged Statements**

Guidry claims that certain statements made by him wherein he allegedly admits that he "f----d up" are inadmissible.  Guidry, first, denies making these statements, but he also claims the statements are inadmissible as he was in extreme pain and was under the influence of pain narcotics when he made them.  In opposition, LeBeouf argues that these statements are admissible as party-opponent admissions under Rule 802(d)(2) of the Federal Rules of Evidence, which does not impose a mental capacity requirement.

This Court determines that these statements are admissible

as they are relevant to the facts of this case.  Guidry may, of course, argue at trial that less weight should be given to them - for the reasons he sets forth in his motion in limine.  Accordingly,

**IT IS ORDERED** that LeBeoufs' **Motion in Limine to Strike Liability Experts (Rec. Doc. 31)** should be and is hereby **DENIED as moot**.  **IT IS FURTHER ORDERED** that Guidry's **Motion In Limine to Exclude Certain Alleged Statements (Rec. Doc. 32)** should be and is hereby **DENIED**.

New Orleans, Louisiana this 16th day of August, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE